UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EUGENE ALDRIDGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 3:06-CV-0758 WL |
| ) | |
| ERIC F. YANDT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Plaintiff Eugene Aldridge submitted a complaint under 42 U.S.C. § 1983 alleging that Laporte Community Corrections Facility officials' negligence caused him to slip, fall, and be injured. Mr. Aldridge filed this complaint after he was released from custody.

Pursuant to 28 U.S.C. §1915(e)(2), federal courts are authorized to dismiss a claim filed *in forma pauperis* if the allegation of poverty is untrue or if the action or appeal is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from an immune defendant. A complaint should be dismissed as frivolous when "it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1989). *See also Flick v. Blevins*, 887 F.2d 778, 780 (7th Cir. 1989), *cert. denied*, 495 U.S. 934 (1990). A claim based on an "indisputably meritless legal theory" is frivolous. *Denton v. Hernandez*, 504 U.S. at 32, 112 S.Ct. at. A claim is also frivolous when no reasonable person could suppose it to have any merit. *Lee v. Clinton*, 209 F.3d. 1025 (7th Cir. 2000).

Mr. Aldridge brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under §

1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Mr. Aldridge alleges that the defendants "knew or should have known that their negligence, gross negligence, and/or recklessness presented an unreasonable hazard to other[s]. Said . . . negligence in operation, inspection, maintenance, management, [and] control of [the] laundry room the forgoing conduct proximately cause[d] there to be standing water in the laundry room[,] which cause[d] me[,] Eugene Aldridge[,] to slip and fall . . .. " (Complaint at p. 5).

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). "To state a claim under the Eighth Amendment, (a plaintiff) must, at minimum, allege facts sufficient to establish that the defendants possessed a total unconcern for (his) welfare in the face of serious risks." *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) (citations omitted). Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994).

That a penal facility may have standing water in the laundry does not constitute obduracy and wantonness on the part of prison officials. "Slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment." *Reynolds v. Powell*, 370 F.3d 1028, (10th Cir. 2004).

Mr. Aldridge may have a state law claim against these defendants for negligence, but he can not maintain this action against them under § 1983. The court will explicitly dismiss this case without prejudice to Mr. Aldridges's right to bring his claims in an appropriate state court.

For the foregoing reasons, the court **DENIES** the plaintiff's motion to proceed *in forma pauperis* (docket #2), and **DISMISSES** this complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), without prejudice to the plaintiff's right to refile his claims in an appropriate state court.

**SO ORDERED**

DATED: December 8 , 2006

                                         **S/William C. Lee**
                                         William C. Lee, Judge
                                         United States District Court